UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA     :

                                     :     **OPINION AND ORDER**

v.                             :

                                   :     23 CR 150-2 (PMH)

EFRAIN FERNANDEZ,       :

                                   :

            Defendant.     :
--------------------------------------------------------x

Efrain Fernandez ("Defendant") moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) because of the purported retroactive application of United States Sentencing Guidelines ("USSG" or "Guidelines") Amendment 821 and the 2025 Guidelines amendments. (Doc. 70). The Government opposes Defendant's request. (Doc. 73). For the reasons set forth below, Defendant's motion for a sentence reduction is DENIED.

## BACKGROUND

On March 28, 2023, Defendant pled guilty to conspiring to distribute and possessing with intent to distribute: (1) 5 grams and more of methamphetamine; and (2) 40 grams and more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), a lesser included offense of Count One of the Information. (Doc. 50). At Defendant's sentencing hearing on August 29, 2023, the Court calculated the applicable Guidelines range to be 135 to 168 months' imprisonment based on an offense level of 33 and Criminal History Category I, consistent with the parties' plea agreement and Presentence Investigation Report ("PSR").[1] Defendant was then sentenced principally to a term of imprisonment of 96 months. (Docs. 50, 54, 62, Aug. 29, 2023 Min. Entry).

Amendment 821 to the Sentencing Guideline amended the enhancement for committing an offense while on a criminal justice sentence at USSG §4A1.1(e) ("status points") and created a

---

[1] Defendant incorrectly asserts that the Guidelines range was 97-121 months of imprisonment.

reduction in the offense level for zero-point offenders at USSG §4C1.1. The amendment went into effect on November 1, 2023. On November 25, 2025, Defendant filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. 70). On December 4, 2025, the United States Probation Department issued a Supplemental PSR which indicates that the defendant is eligible for the status point recalculation such that the Amended Total Offense Level is 31, but the defendant is not eligible for a sentence reduction. (Doc. 71). The Government filed its opposition on December 17, 2025. (Doc. 73).

## STANDARD OF REVIEW

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Section 3582(c)(2), which governs Defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a)(1-7)." Pursuant to Section 1B1.10(b)(2)(A), except in circumstances relating to substantial assistance, a "court shall not reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined" by the Court pursuant to Section 1B1.10(b)(1). *Dillon v. United States*, 560 U.S. at 826. In addition, "[a] court's power under § 3582(c)(2) . . . depends . . . on the

2

Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Id.* Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." USSG § 1B1.10 app. note 1(B)(i).

## ANALYSIS

Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) through the retroactive application of Guidelines Amendment 821. "Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively." *United States v. Budovsky*, No. 13-CR-00368, 2024 WL 1676337, at *2 (S.D.N.Y. Apr. 18, 2024) (citation omitted). Amendment 821 adjusted the calculation of criminal history points, commonly referred to as status points, under § 4A1.1 of the Guidelines. *United States v. Ross*, No. 15-CR-00095, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Because Amendment 821 applies retroactively, Probation and the Government agree that Defendant is entitled to a two-level reduction in his offense level under USSG § 4C1.1. (*See* Docs. 71 & 73). Including a two-level reduction pursuant to USSG § 4C1.1 in the calculation of Defendant's amended Guidelines results in a reduction in his final offense level from 33 to 31, and in conjunction with his Criminal History Category of I, reduces his Guidelines range from 135 to 168 months' imprisonment to 108 to 135 months' imprisonment. (Doc. 71). Nonetheless, USSG § 1B1.10(b)(2)(A) provides that Defendant may not receive a reduction in his sentence because the Court sentenced Defendant to 96 months' imprisonment, which is 12 months below the bottom end of his amended Guidelines range. *See also United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021) ("[B]ecause the Sentencing Commission's policy statements limit the authorization

under § 3582(c)(2), a sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range.").

Defendant also seeks a sentence reduction based on the 2025 Guideline Amendments, effective November 1, 2025, "[which] reduce the offense levels for controlled substances and expand eligibility for lower ranges." (Doc. 70 at 1). Unlike Amendment 821, however, the 2025 Guideline Amendments are not retroactive as the 2025 amendments are not listed in USSG § 1B1.10(d). *See United States v. Gonzalez*, No. 25-CR-00483, 2025 WL 3274491, at *2 (S.D.N.Y. Nov. 25, 2025) ("[T]he Sentencing Commission did not make the modifications to the sentencing guidelines implemented in the 2025 Amendments retroactive."). Therefore, the 2025 Guidelines Amendments cannot form the basis for a sentence reduction and the Court has no authority to reduce Defendant's sentence under Section 3582(c)(2).

## CONCLUSION

Based on the foregoing, Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is DENIED. The Clerk of the Court is respectfully requested to: (1) terminate the pending motion (Doc. 70); and (2) mail a copy of this Order to Defendant at # 00131-298, FCI Sheridan, Federal Correctional Institution, P.O. Box 6000, Sheridan, OR 97378.

Dated: White Plains, New York
      February 3, 2026

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

4